UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>*Golden Meditech Holdings Limited*<br><br>for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 24 Misc._____ |

# MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

KELLNER HERLIHY GETTY & FRIEDMAN, LLP
Thomas Vandenabeele
*Attorneys for Applicant*
470 Park Avenue South—7th Floor
New York, NY 10016-6819
Telephone: (212) 889-2121
Email: tv@khgflaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

RELEVANT BACKGROUND ..... 3

ARGUMENT ..... 4

I. STANDARD FOR GRANTING RELIEF ..... 4

II. APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS ..... 6

A. The Respondents reside or are found in this district ..... 6

1. Legal standard ..... 6

2. The Discovery sought in this Application proximately results from the Respondents' contacts with the Southern District of New York ..... 7

B. The Discovery sought is for use in proceedings before a foreign tribunal ..... 9

C. Applicant is an Interested Person ..... 12

III. APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS ..... 12

IV. APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE DEFENDANT, THE DISCOVERY TARGETS, AND THE RESPONDENTS ..... 14

CONCLUSION ..... 16

# **TABLE OF AUTHORITIES**

                                              **Page**

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,*
673 F.3d 76 (2d Cir. 2012)..................................................................................5,6,12,13

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.,*
798 F.3d 113 (2d Cir. 2015)..........................................................................................10

*Edelman v. Taittinger (In re Edelman),*
295 F.3d 171 (2d Cir. 2002)............................................................................................6

*Euromepa S.A. v. R. Esmerian, Inc.,*
51 F.3d 1095 (2d Cir. 1995).....................................................................................11,15

*First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship,*
154 F.3d 16 (2d Cir. 1998).............................................................................................9

*Gucci Am., Inc. v. Weixing Li ("Gucci III"),*
135 F. Supp. 3d 87 (S.D.N.Y. 2015) ...........................................................................8,9

*Gushlak v. Gushlak,*
486 F. App'x 215 (2d Cir. 2012)...............................................................................4,6,9

*In re Application For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,*
1:22-mc-00183-JPO (SDNY, August 24, 2022)...........................................................11

*In re Arida, LLC,*
19-MC-522 (PKC), 2020 WL 7496355 (SDNY Dec. 21, 2020) .................................10

*In re del Valle Ruiz,*
939 F3d 520 (2d Cir 2019).......................................................................................5,6,12

*In re Gorsoan Ltd.,*
2020 WL 409729 (S.D.N.Y. 2020)............................................................................9,10

*In re Hornbeam Corp.,*
14MISC424PART1, 2015 WL 13647606 (SDNY Sept. 17, 2015)...........................4,12

*In re JSC BTA Bank,*
577 F Supp 3d 262 (SDNY 2021), appeal dismissed (May 10, 2022) .........................11

*In re Mangouras,*
2017 WL 4990655 (S.D.N.Y. 2017)............................................................................10

*In re O'Keeffe,*
650 F. App'x 83, 85 (2d Cir. 2016)................................................................................4

*In re Olga Kurbatova,*
Case No. 18-mc-469 (S.D.N.Y. 2018).............................................................................15

*In re Reyes,*
2019 WL 6170901 (S.D.N.Y. 2019)...............................................................................14

*In re Speer,*
754 F. App'x 62 (2d Cir. 2019).......................................................................................14

*Intel Corp. v. Advanced Micro Devices, Inc.,*
542 U.S. 241 (2004)............................................................................................ 4,6,10,12-14

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP,*
895 F.3d 244   (2d Cir. 2018).............................................................................................5

*Licci v. Lebanese Can. Bank, SAL,*
20 N.Y.3d 327 (2012)........................................................................................................8

*Licci v. Lebanese Canadian Bank,*
732 F.3d 161 (2d Cir. 2013)...............................................................................................8

*Malmberg v. United States,*
2010 WL 1186573 (N.D.N.Y. 2010) ...............................................................................14

*Mees v Buiter,*
793 F3d 291 (2d Cir 2015)...........................................................................................5,10

*Nike, Inc. v. Wu ("Nike I"),*
349 F. Supp. 3d 310 (S.D.N.Y. 2018) .........................................................................7,8,9

*Nike, Inc. v. Wu ("Nike II"),*
349 F. Supp. 3d 346 (S.D.N.Y. 2018) ...........................................................................7,8

*Ragusa v. United Parcel Serv.,*
2008 WL 4200288 (S.D.N.Y. 2008)................................................................................14

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.),*
722 F. App'x 7 (2d Cir. 2018).............................................................................4,5,10,14

*Union Fenosa Gas, S.A. v Depository Tr. Co.,*
20 MISC. 188 (PAE), 2020 WL 2793055 (SDNY May 29, 2020) ..................................11

**STATUTES, RULES, & OTHER AUTHORITIES**

28 U.S.C. § 1782..................................................................................................1,4,14,16

28 U.S.C. § 1782(a) ...............................................................................................5,6,9,12,13

Federal Rule of Civil Procedure 45 ..................................................................................14

N.Y. Banking Law § 200 ....................................................................................................8

Applicant Golden Meditech Holdings Limited ("Applicant"), by and through its undersigned counsel, Kellner Herlihy Getty & Friedman LLP, submits this memorandum of law in support of its *ex parte* Application for judicial assistance pursuant to 28 U.S.C. § 1782.

**PRELIMINARY STATEMENT**

Applicant submits this Application pursuant to 28 U.S.C. § 1782, seeking an order authorizing discovery from certain entities found in this District that are in the business of providing banking services and processing wire transfers in New York City,[1] for use in pending proceedings before the High Court of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Court"), action No. HCA2061/2023 (the "Foreign Proceedings") brought against eight Foreign Defendants.[2]

In 2016, Applicant engaged in a complex transaction with a multi-industry conglomerate Sanpower controlled by the Foreign Defendants for the sale of about 78.87M (65.4%) shares of Global Cord Blood Corporation for a consideration of RMB 6,568,000,000 ($984.5M). Conrad Decl. ¶¶14-18. The parties used an escrow account to which Sanpower and the Foreign Defendants through their entities transferred the consideration amount. The parties have agreed that any transfer of funds from the escrow account would constitute a direct violation of the Transaction. *Id.* ¶19.

However, the Transaction did not go in accordance with the parties' agreement because the Foreign Defendants and their entitites did not pay the Consideration Amount and requested

---

[1] Applicant seeks discovery from (i) Citibank, N.A.; (ii) The Bank of New York Mellon; (iii) Société Générale, New York Branch; (iv) HSBC Bank USA, N.A.; (v) BNP Paribas USA; (vi) JPMorgan Chase Bank, N.A.; (vii) Wells Fargo Bank, N.A.; (viii) Deutsche Bank Trust Co. Americas; (ix) UBS AG; (x) Bank of America, N.A.; (xi) Bank of China, New York Branch; (xii) Standard Chartered Bank US; (xiii) Commerzbank AG, New York Branch (the "Intermediary Banks"); and (xiv) The Clearing House Payments Company L.L.C. (the "Clearing House") (collectively, the "Respondents"). (Conrad Decl., ¶41).
[2] Unless otherwise indicated, capitalized terms or names not otherwise defined herein shall have the meaning ascribed to them in the Declaration of Wan Chun Keung Conrad dated January 12, 2024, and the Declaration of Thomas Vandenabeele dated January 15, 2024.

Applicant to extend the deadline numerous times in 2017-2019. *Id*. ¶¶23,24. Even though Applicant had agreed to partially release the funds in the Escrow Account and extend the deadline subject to additional terms and undertakings from the Foreign Defendants and (or) their entities, Sanpower still failed to pay the outstanding amount. *Id*. ¶¶23-30.

Following Sanpower's failure to pay the outstanding amount, Applicant investigated the circumstances leading to the default and realized that it had been defrauded by the Foreign Defendants. Specifically, on or around June 2, 2017, the Foreign Defenants secretly transferred RMB 2,922,105,000 (about $429M) from the Escrow Account to Li Xin (Defendant 6) in violation of the terms of the Transaction. To conceal that fact, the Foreign Defendants provided Applicant with falsified bank account statements that showed a significantly higher balance of the Escrow Account. *Id*. ¶¶31-33. Among other things, Applicant learned that at least RMB 52.5 million of the funds transferred from the Escrow Account to Li Xin (Defendant 6) were further transferred to a personal bank account of Yuan (Defendant 1). *Id*. ¶35.

In December 2023, Applicant commenced the Foreign Proceedings before the Hong Kong Court and brought multiple claims against the Foreign Defendants, including claims for breach of fiduciary duties, breach of duty of good faith and fidelity, conspiracy, overt acts, and sought injunctive relief enjoining the Foreign Defendants from wrongful conduct. *Id*. ¶¶37-40 and its Exhibit 3.

The instant Application and evidence sought through this Application—records relating to wire transfers routed through the Respondents in New York City and documents relating thereto—is critical to the success of Applicant's Foreign Proceedings. *Id.,* ¶¶43,44. Applicant intends to obtain evidence necessary to trace the trail of the funds misappropriated by the Foreign Defendants and identify any third parties who could be involved in the wrongdoings and should be added as

defendants in the Foreign Proceedings. *Id.* Furthermore, Applicant intend to obtain evidence to add a new cause of action in the Foreign Proceedings for conspiracy to cause injury to Applicant. *Id*. ¶45.

The Respondents act as correspondent banks in this District for wire transfers passing from domestic to international banks, and vice versa, including banks in Hong Kong. *Id*. ¶43; Vanenabeele Decl. ¶¶9, 11-24. It is highly likely that records of wire transfers, payments, and data are held by the Respondents in New York and that these records will be relevant and probative in the Foreign Proceedings. Conrad Decl. ¶41.

For the reasons set forth below, Applicant respectfully requests that the Court grant the Application.

## RELEVANT BACKGROUND

### General background

The facts relevant to this Application are set forth herein and in the Conrad Declaration. The facts stated in the Conrad Declaration are incorporated herein by reference.

### Nature of evidence sought

Applicant seeks to obtain meaningful documentary evidence located in this District from the Respondents, which are found in this District and are in the business of providing banking services and processing wire transfers and payments, and will have processed banking transactions, wire transfers, and payments relevant and probative to the issues in the Foreign Proceedings—namely that the Foreign Defendants misappropriated the funds from the Escrow Account for their own benefit and defrauded Applicant Conrad Decl. ¶44. Accordingly, the evidence sought is critical to satisfy Applicant's claims.

The Respondents are commonly known to act as banking services provider and as correspondent, intermediary, or otherwise clearinghouse for U.S. Dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, including banks in Hong Kong. Vandenabeele Decl., ¶¶9, 11-24. The discovery sought in this proceeding directly relates to the Respondents' business in this District—namely, banking records and wire transfers for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, RTP, Fedwire, FedNow, FedACH, or where the Respondents otherwise facilitated interbank funds transfers, as well as documents relating thereto. Conrad Decl. ¶49.

The Respondents keep electronic records of wire transfers and are thus able to easily search and produce these records in connection with domestic litigation, foreign bankruptcy matters, and Section 1782 applications, and produce such records routinely. Vandenabeele Decl., ¶¶25-26.

**ARGUMENT**

The Court should grant this *ex parte* Application[3] because Applicant satisfies all of the statutory prerequisites for a 28 U.S.C. § 1782 action, and the discretionary factors all favor granting this Application.

**I. STANDARD FOR GRANTING RELIEF**

Section 1782 provides for "assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248

---

[3] Courts in the Second Circuit routinely handle §1782 requests on an *ex parte* basis. *In re Hornbeam Corp.*, No. 14MISC424PART1, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015), *aff'd*, Symeou v. Hornbeam Corp. (In re Hornbeam Corp.), 722 F. App'x 7 (2d Cir. 2018) (collecting cases, and noting that "[d]istrict courts may and customarily do resolve applications for discovery pursuant to § 1782 through *ex parte* proceedings" and that there is a "widespread recognition that § 1782 applications are properly handled *ex parte*"); see also *In re O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016), quoting *Gushlak v. Gushlak,* 486 F. App'x 215 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.")

4

(2004). The statute provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019), quoting 28 U.S.C. § 1782(a).

Courts have distilled §1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. *First*,

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018); see also *Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015), citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012).

*Second*, "[t]o guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* discussed non-exclusive factors (the '*Intel* factors') to be considered in light of the 'twin aims' of section 1782..." *In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019), citing *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244 (2d Cir. 2018). Those factors are (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or

5

other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.*, citing *Intel*, 542 U.S. at 264-65.[4]

## II. APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS

### A. The Respondents reside or are found in this district

1. Legal standard

Section 1782 does not define "found." *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019). However, "§ 1782(a) supports a flexible reading of the phrase 'resides or is found.'" *Id.*, citing *Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171 (2d Cir. 2002). The Second Circuit has "repeatedly recognized Congress's intent that §1782 be 'interpreted broadly' […]" (*Id.*, citing *Brandi-Dohrn*, 673 F.3d 76) and held that the "statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, *supra*.

Noting that the Supreme Court has not addressed specific jurisdiction over nonparties, the Second Circuit held that:

> where the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery. That is, the respondent's having purposefully availed itself of the forum must be the primary or proximate reason that the evidence sought is available at all. On the other hand, where the respondent's contacts are broader and more significant, a petitioner need demonstrate only that the evidence sought would not be available but for the respondent's forum contacts.

*In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019)

---

[4] The Court's discretionary analysis should be guided by the twin congressional policy aims of § 1782. *Brandi-Dohrn,* 673 F.3d 76, 81 (2d Cir. 2012) ("District courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.") (internal citations omitted); *Gushlak*, 486 Fed.Appx. at 218 (same); see also *Intel*, 542 U.S. at 252 (rejecting additional requirements to granting relief as they "would disserve § 1782's twin aims.")

6

2. <u>The Discovery sought in this Application proximately results from the Respondents' contacts with the Southern District of New York</u>

This Court has repeatedly granted applications pursuant to Section 1782 seeking intermediary bank discovery from the Intermediary Banks and the Clearing House. Vandenabeele Decl., ¶¶28-38. The discovery sought here directly relates to their contacts with this District, as described in the Vandenabeele Declaration. *Id*., ¶¶11-25. *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310 (S.D.N.Y. 2018) ("*Nike I*"), *aff'd*, *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ("*Nike II*"). Specifically, the discovery sought here is records relating to banking services, wire transfers, payments, and documents relating thereto routed through the Respondents in New York City revealing transactions of value made by the Foreign Defendants, possible co-conspirators, and nominees, to misappropriate the funds from the Escrow Account and defraud Applicant. Conrad Decl. ¶44.

The Intermediary Banks act as worldwide correspondents in New York City to process U.S. Dollar denominated wire transfers and regularly provide banking services to individuals and companies located here and abroad. Vandenabeele Decl., ¶¶11-24; see also <u>Ex. F</u> to Vandenabeele Decl., excerpts from the Accuity Worldwide Correspondents Bank Directory. It appears from the Worldwide Correspondents Bank Directory, that the banks processing U.S. Dollar denominated wire transfers passing from international banks, including banks located in Hong Kong, are virtually all located in New York City and include most of the Intermediary Banks.

The Respondents not only conduct business in this district, but also have long-established connections to New York. They each maintain headquarters or branches in this District and have previously accepted and responded to subpoenas in Section 1782 applications, initiated by Applicant's New York counsel. Vandenabeele Decl., ¶¶25,26. In addition, the Intermediary Banks are either participants in the Clearing House Interbank Payments System ("<u>CHIPS</u>"), its real-time

payments platform "RTP," the Federal Reserve's Fedwire Fund Service ("Fedwire"), FedNow Service ("FedNow), FedACH Service ("FedACH"), or a major participant in the clearing of international U.S. Dollar denominated transfers. *Id*., ¶¶10-24; Exs. A-E to Vandenabeele Decl. Some New York Banks are registered with the New York Department of Financial Services to do business in New York, as required by N.Y. Banking Law § 200. *Id*.; Ex. G to Vandenabeele Decl.

The Respondents' ability to conduct business and process wire transfers and payments is completely dependent upon their extensive use of their contacts in New York and the subject of the discovery sought through this Application. In addition, the New York Court of Appeals has recognized the "widespread use of correspondent accounts nominally in New York to facilitate the flow of money worldwide, often for transactions that otherwise have no other connection to New York, or indeed the United States." *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327 (2012) ("*Licci III*"). Therefore, the repeated use of a correspondent account in New York, in effect, a "course of dealing" show "purposeful availment of New York's dependable and transparent banking system, the dollar as a stable and fungible currency, and the predictable jurisdictional and commercial law of New York and the United States." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) ("*Licci IV*"), quoting *Licci III,* 20 N.Y.3d 327. Relying on *Licci III* and *Gucci III*, Chief Judge McMahon in *Nike II*, held that "the Banks' establishment and maintenance of correspondent accounts was sufficient to support the exercise of personal jurisdiction over the Banks for purposes of the Subpoenas." *Nike II*, 349 F. Supp. 3d 310. "This alone would be sufficient to establish that the Banks have sufficient minimum contacts with the forum, as 'the selection and repeated use of New York's banking system … constitutes purposeful availment of the privilege of doing business in New York.'" *Nike I*, 349 F. Supp. 3d 310, quoting *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87 (S.D.N.Y. 2015) ("*Gucci III*") (internal quotation omitted).

8

Here, the discovery sought—wire transfers, and documents relating thereto, revealing transactions of value made by the Foreign Defendants and third parties with the intent to defraud Applicant, and for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, RTP, Fedwire, FedNow, FedACH, or otherwise facilitated interbank funds transfers—proximately results from their forum contacts with this District. Conrad Decl. ¶49.

Moreover, the Respondents would not suffer hardship as they are "simply required to produce" limited records maintained in this District. *Nike I*, 349 F. Supp. 3d 310 ("Here, as in *Gucci III*, such burdens are either 'minimal or non-existent,' as all of the Banks have physical branches in the forum, and can be no stranger to litigation in it […]") (internal citation omitted); see also *First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship*, 154 F.3d 16 (2d Cir. 1998). Given the lighter burden placed on the Respondents in the discovery context—who are asked only to provide evidence, not to defend their conduct or risk damages or other penalties—it is wholly consonant with due process to authorize Applicant to conduct discovery on the Respondents, as the burden is "minimal or non-existent." *Nike I*, 349 F. Supp. 3d 310.

Therefore, Applicant has satisfied the first requirement under § 1782.

### B. The Discovery sought is for use in proceedings before a foreign tribunal

Section 1782 expressly provides that evidence collected may be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). *Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012); see also *In re Gorsoan Ltd.*, 2020 WL 409729, at *6 (S.D.N.Y. 2020), quoting *Mees*, 793 F.3d at 299 ("an apppplicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chances of success."). Applicant satisfies this statutory

9

requirement because the discovery sought through the instant Application is for use in a pending foreign proceeding before a foreign tribunal. Conrad Decl. ¶¶37-45 and its Exhibit 3.

A Section 1782 application can be made as long as the foreign proceeding is "within reasonable contemplation" at the time the 1782 application is filed, but need not be pending or imminent. *Intel*, 542 U.S. 241, 248; see also *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015) ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding"). Seeking information to plead or prove a claim that has already been identified and articulated with particularity is to be authorized under Section 1782. *In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017); see also *In re Hornbeam Corp.*, 722 F. App'x 7 (A foreign proceeding was reasonably contemplated where the applicant represented in a sworn declaration that it intended to initiate litigation and articulated a theory on which it intended to litigate).

Here, the Foreign Proceedings are pending, and Applicant has identified and articulated with particularity the claims that is has brought and intends to bring before the Hong Kong Court. *Id.* ¶¶37-40, 45.

The "for use" test requires that the discovery sought "be employed with some advantage or serve some use in the proceeding." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). While a Section 1782 application cannot be made for the sole purpose of conducting asset discovery to collect on a foreign judgment at the end of the foreign proceeding, it can be used to permit asset discovery in relations with adjudicative proceedings to be commenced as a means of enforcing or collecting a judgment. See *supra In re Gorsoan*, 2020 WL 409729, at *6 (holding that Section 1782 for use in a foreign proceeding); *In re Arida, LLC*, No. 19-MC-522 (PKC), 2020 WL 7496355, at *4 (S.D.N.Y. Dec. 21, 2020) ("section 1782 relief should be denied where the

10

applicant seeks asset discovery for the purpose of collecting or enforcing judgment"); *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998); *Union Fenosa Gas, S.A. v. Depository Tr. Co.*, 2020 WL 2793055, at *3-5 (S.D.N.Y. May 29, 2020) (English post-judgment attachment proceeding brought by judgment creditor was adjudicatory in nature because the tribunal required an evidentiary showing from the applicant); *In re JSC BTA Bank*, 577 F. Supp. 3d 262, 266–67 (S.D.N.Y. 2021), *appeal dismissed* (May 10, 2022)

> ("discovery BTA's application seeks will 'serve some use' in a foreign proceeding beyond merely enforcing existing judgments. BTA [] states that 'with the information that BTA anticipates obtaining through this application, BTA intends to seek the UK Court's permission to lift the stay of the Khrapunov Proceedings <u>in order to add additional defendants to the Khrapunov Proceedings and amend the relevant freezing orders to ensure that assets, once located, do not disappear before judgment is rendered</u>.' BTA further states that its 'case against Panolos in the UK is currently in the pre-trial discovery stage, and BTA is continuing to amass evidence in respect of Panolos', as well as other entities and individuals', involvement in the Ablyazov-Khrapunov Money Laundering Scheme in an attempt to locate its assets as well as those assets of Ablyazov, Khrapunov and their other co-conspirators, <u>and to apply for worldwide freezing orders to ensure that such assets, once located, do not disappear before any future judgment is rendered</u>.' BTA also explains that 'the evidence sought is likely to reveal further details regarding the Ablyazov-Khrapunov Money Laundering Scheme ..., which BTA can rely on as evidence <u>to prove the elements of fraud</u> in the English Proceedings, Khrapunov Proceedings, and the Contemplated Proceedings.'" (emphasis in original, citations omitted).

Here, Wan Chun Keung Conrad, counsel for Applicant, explains at length in his Declaration that Applicant brought claims against the Foreign Defendants for the breach of fiduciary duties, breach of duty of good faith and fidelity, conspiracy, overt acts, and injunctive relief to cease their wrongful actions; seeking indemnification for any loss and damages which it has suffered or may suffer as a result of the wrongful acts committed by the Foreign Defendants. Conrad Decl. ¶¶37-40 and its Exhibit 3. Applicant intends to obtain evidence necessary to trace the trail of the misappropriated funds and identify any third parties who could be involved in the wrongdoings and should be added as defendants in the Foreign Proceedings. See *In re Application For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,*

1:22-mc-00183-JPO (SDNY, August 24, 2022) (authorizing discovery for the purpose of identifying foreign defendants).

Obtaining the requested discovery is therefore crucial for Applicant to plead and prove the claims in the Foreign Proceedings. *Id.* ¶44. In light of the foregoing, Applicant meets the second requirement under Section 1782.

### C. Applicant is an Interested Person

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance … qualifies as an interested person within any fair construction of that term." *Intel*, 542 U.S. at 256-7 (2004) (internal citations omitted); see also *In re Hornbeam Corp.*, No. 14MISC424PART1, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015).

Here, Applicant clearly possesses a reasonable interest in obtaining the assistance requested as plaintiff in the Foreign Proceedings. Conrad Decl. ¶¶4,38-40.

Therefore, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

### III. APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS

As noted above, once the District Court has determined that the mandatory requirements for relief under Section 1782 are met, the Court is free to grant discovery in its discretion. *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019).

Additionally, that discretion must be guided by the twin policy aims of Section 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Brandi-Dohrn*, 673 F.3d at 81. Here, these discretionary factors weigh in favor of granting the requested relief.

*First*, there is no expectation that any of the Respondents will be participants in the Foreign

Proceedings. Conrad Decl. ¶47. As such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use there. *Id*. Indeed, absent the relief sought here, the evidence would almost certainly remain outside the reach of the Hong Kong Court. *Id*. Thus, since the Respondents will likely not be parties to the Foreign Proceedings, the need for the evidence sought herein through the instant Application is more apparent and this factor weighs in favor of granting recognition. *Intel*, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

*Second*, there is no indication that the Hong Kong Court would be unreceptive to the evidence. Conrad Decl. ¶48.

*Third*, the documentary and testimonial evidence sought through the instant Application would likely be admissible in the Foreign Proceedings and does not otherwise circumvent any proof-gathering restriction under the laws of Hong Kong. *Id.* Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." *Brandi-Dohrn*, 673 F.3d 76, 77.

*Fourth*, this Application is not unduly intrusive or burdensome because it is of limited scope. Conrad Decl., ¶49. The proposed requests to the Respondents, demonstrated in the sample subpoena attached as Exhibit A to the Application, seek limited records relating to wire transactions or funds transfers for which the Intermediary Banks were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, RTP, Fedwire, FedNow, FedACH, or where the Intermediary Banks and the Clearing House otherwise facilitated interbank funds transfers; as well as documents relating thereto, for the limited period beginning February 1, 2017

to the present and involving the Foreign Defendants or third parties that could have aided them defraud Applicant's rights. *Id*. This period is likely within the Respondents' document retention policies and the documentary evidence sought is of the type that Respondents regularly and easily retrieve and produce as third parties or actual parties in litigation. Vandenabeele Decl. ¶¶25-26.

For the foregoing reasons, each discretionary factor identified by the *Intel* Court weighs in favor of granting the Application.

### IV. APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE DEFENDANT, THE DISCOVERY TARGETS, AND THE RESPONDENTS

Applicant respectfully requests that it not be required to serve the Application upon the Foreign Defendants or the Respondents. Applicant further requests that, should the Court grant this Application, Applicant not be required to serve the Foreign Defendants with the order granting the Application and the subpoenas issued to the Respondents.

As explained above, District Courts in the Second Circuit routinely handle §1782 requests on an *ex parte* basis. *In re Hornbeam Corp.*, 722 F. App'x 7. Service on the party or parties against whom the discovery is likely to be used is not mandatory. While Federal Rule of Civil Procedure 45 requires service of third-party subpoenas on parties to the underlying litigation and the Federal Rules of Civil Procedure govern subpoenas issued under 28 U.S.C. § 1782, it is within the Court's authority to "order otherwise." *In re Hornbeam Corp.*, 722 F. App'x 7; see also *In re Reyes*, 2019 WL 6170901, at *1 (S.D.N.Y. 2019).

Courts in this Circuit have exercised such discretion and declined to quash subpoenas automatically based on the lack of notice absent some showing of prejudice. *In re Speer*, 754 F. App'x 62, 63–64 (2d Cir. 2019), citing *Malmberg v. United States*, 2010 WL 1186573, at *2 (N.D.N.Y. 2010); *Ragusa v. United Parcel Serv.*, 2008 WL 4200288, at *1 (S.D.N.Y. 2008); see also *In re Hornbeam Corp., supra* (finding "no abuse of discretion" in a district court's decision

14

not to quash or vacate a subpoena based on a finding that the movant "did not establish prejudice from the lack of notice").

Further, in *In re Olga Kurbatova*, the applicant requested that she not be required to serve an expected defendant in a contemplated Swiss proceeding. Case No. 18-mc-469 (S.D.N.Y. 2018). The applicant successfully argued that there would be no prejudice to the expected defendant, as he would be permitted to adjudicate the admissibility of any discovery received by the applicant in response to the application in the contemplated proceeding at the appropriate time. *Id.,* citing *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1101 (2d Cir. 1995) (stating that discovery and admissibility under foreign law is not relevant to the Section 1782 analysis because foreign courts are more appropriately positioned to rule on these issues).

Here, as explained above and in the Conrad Declaration, the discovery sought from the Respondents will assist Applicant in revealing that the Foreign Defendants have actively conspired to defraud Applicant, and have taken steps to hide their fraudulent acts, including forging and fabricating documents. Conrad Decl. ¶51. The discovery should therefore assist Applicant in tracing the misappropriated funds and assessing the entirety of its damages claimed in the Foreign Proceedings. *Id.*

Therefore, notice of the Application and of the order granting the Application (should the Court grant the Application), would damage Applicant's chances of obtaining the necessary evidence to hold the Foreign Defendants and their accomplices accountable for their actions, frustrate and delay Applicant's full understanding of the trail of funds as well as Applicant's assessment of the entirety of its damages and recovery of same. *Id.*

Conversely, there would be no prejudice to the party against whom the discovery is likely to be used in the Hong Kong Court as it would be permitted to adjudicate the admissibility of any

discovery received by Applicant in the Foreign Proceedings. Conrad Decl. ¶52.

In light of the foregoing, the lack of notice of the Application would not prejudice the Foreign Defendants or the Respondents. Likewise, the lack of notice of the order granting the Application (should the court grant the Application) and subpoenas to the Respondents would not prejudice the Foreign Defendants. Therefore, the Court should exercise its discretion and not require Applicant to give such notice.

## CONCLUSION

WHEREFORE, Applicant meets the statutory requirements under 28 U.S.C. § 1782 and *Intel* discretionary factors, and this Application for an Order in the proposed, or substantially similar form as submitted with the Application, should be granted.

Dated: January 16, 2024

>                              Respectfully submitted,
>
>                              By: _____
>                                    Thomas Vandenabeele
>
>                              KELLNER HERLIHY GETTY & FRIEDMAN LLP
>                              *Attorneys for Applicant*
>                              470 Park Avenue South–7th Floor
>                              New York, NY 10016-6819
>                              Telephone: 212-889-2121
>                              Email: tv@khgflaw.com