UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>*Golden Meditech Holdings Limited*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | 24 Misc. 24 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

      On January 16, 2024, Applicant Golden Meditech Holdings Limited ("Applicant") filed this action, seeking an *ex parte* order allowing it to seek discovery from fourteen entities for use in pending proceedings in the High Court of the Hong Kong Special Administrative Region Court of First Instance. *See* Ex Parte Appl. for Judicial Assistance 1, ECF No. 1. For the reasons stated below, the application is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

      The following facts are drawn from Applicant's submissions in connection with its application.[1]

      Applicant is a limited liability company based in Hong Kong. Conrad Decl. ¶ 4, ECF No. 2. In a civil action pending in the High Court of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Proceeding"), Applicant brings claims against eight foreign defendants ("Foreign Defendants"). *See* Conrad Decl. Ex. 3 at 2, ECF No. 2-3; Vandenabeele Decl. ¶ 7, ECF No. 3. In brief, Applicant alleges that the Foreign Defendants

---

[1] "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*," as the respondent "can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases).

secretly transferred funds owed to Applicant from a complex commercial transaction out of an escrow account, and that Foreign Defendants falsified bank records to hide the transfers. *See* Conrad Decl. ¶¶ 14-36.

Applicant seeks documentary evidence from fourteen entities ("Respondents") that are not parties to the Hong Kong Proceeding regarding their processing of relevant wire transfers and payments related to the Foreign Defendants. *Id.* ¶¶ 40-41, 43. Respondents are (i) Citibank, N.A. ("Citibank"); (ii) The Bank of New York Mellon ("BNY Mellon"); (iii) Société Générale, New York Branch ("SGNY"); (iv) HSBC Bank USA, N.A. ("HSBC"); (v) BNP Paribas USA ("BNP"); (vi) JPMorgan Chase Bank, N.A. ("JP Morgan"); (vii) Wells Fargo Bank, N.A. ("Wells Fargo"); (viii) Deutsche Bank Trust Co. Americas ("Deutsche Bank"); (ix) UBS AG ("UBS"); (x) Bank of America, N.A. ("Bank of America"); (xi) Bank of China, New York Branch ("BOCNY"); (xii) Standard Chartered Bank US ("SCB"); (xiii) Commerzbank AG, New York Branch ("Commerzbank"); and (xiv) The Clearing House Payments Company L.L.C. ("Clearing House"). *See* Vandenabeele Decl. ¶ 6. Respondents are "commonly known to act as correspondent, intermediary, or otherwise clearing house banks for wire transfers passing between domestic banks and international banks." Conrad Decl. ¶ 42.

## LEGAL STANDARD

Applicant seeks discovery pursuant to 28 U.S.C. § 1782, which allows a district court to compel testimony or production of a document for use in a foreign proceeding. "The analysis of a district court hearing an application for discovery pursuant to § 1782 proceeds in two steps." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).[2] First,

---

[2] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

the applicant must establish three mandatory prerequisites: "(1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022) (quoting § 1782).

Then, a district court exercises discretion to grant or deny the application "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance in our courts." *Mees v. Buiter*, 793 F.3d 291, 297-98 (2d Cir. 2015). The Supreme Court has identified four additional discretionary factors (the "*Intel* factors") relevant to this determination:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome."

*Id.* at 298 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The *Intel* factors are "not to be applied mechanically," and the district court "should also take into account any other pertinent issues arising from the facts of the particular dispute." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018).

## DISCUSSION

Applicant's request is granted in part and denied in part for the reasons given below.

A.      **Statutory Prerequisites**

Applicant satisfies the three statutory requirements under § 1782 with respect to Citibank, BNY Mellon, SGNY, BNP, JP Morgan, Deutsche Bank, and UBS, but does not satisfy the requirements with respect to the remaining Respondents.

1.      **"Resides or Is Found" in the District**

First, on the record presented, only certain Respondents are "found" or "reside[]" in the District.  "[Section] 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). "The constitutional limits of personal jurisdiction allow for a showing of either general or specific jurisdiction over each respondent." *In re Steinmetz*, No. 20 Misc. 212, 2022 WL 170851, at *3 (S.D.N.Y. Jan. 19, 2022).

Applicant introduces evidence that Citibank, BNY Mellon, SGNY, BNP, JP Morgan, Deutsche Bank, and UBS are headquartered in Manhattan. *See* Vandenabeele Decl. ¶ 11 (Citibank), ¶ 12 (BNY Mellon), ¶ 13 (SGNY), ¶ 15 (BNP), ¶ 16 (JP Morgan), ¶ 18 (Deutsche Bank), ¶ 19 (UBS).  This is sufficient to establish general personal jurisdiction over these Respondents. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home [for purposes of general jurisdiction] only where it is incorporated or maintains its principal place of business.").[3]  This satisfies the first requirement of the statute. *See In re de Aquino Chad*, No. 19

---

[3] Applicant also includes testimony that certain other Respondents maintain their "head office in the United States" (BOCNY, Vandenabeele Decl. ¶ 21), or "US headquarters" (SCB, *id.* ¶ 22) in the District.  This is insufficient to establish that these entities' principal place of business is in the District. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (noting that an entity's "principal place of business . . . ha[s] the virtue of being unique . . . [and] ordinarily indicates only one place").

4

Misc. 261, 2019 WL 2502060, at *3 (S.D.N.Y. June 17, 2019) (finding that banks alleged to be headquartered in the District were subject to general jurisdiction, satisfying the first prong of § 1782).

For the Respondents not subject to general jurisdiction—HSBC, Wells Fargo, Bank of America, BOCNY, SBC, Commerzbank, and Clearing House—Applicant must establish specific personal jurisdiction. In the context of specific personal jurisdiction over a § 1782 discovery application, the Second Circuit has held that:

> [W]here the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery. That is, the respondent's having purposefully availed itself of the forum must be the primary or proximate reason that the evidence sought is available at all. On the other hand, where the respondent's contacts are broader and more significant, a petitioner need demonstrate only that the evidence sought would not be available but for the respondent's forum contacts.

*In re del Valle Ruiz*, 939 F.3d at 530.

Applicant argues that the remaining Respondents are subject to personal jurisdiction based on their presence in the District and their status as correspondent banks for U.S. dollar denominated wire transfers or, in the case of Clearing House, its role in international U.S. dollar funds transfers made among international banks. Applicant introduces evidence that the remaining banks maintain branches and regularly conduct business in Manhattan, and that these banks participate in interbank clearing systems for U.S. dollar denominated transactions. *See* Vandenabeele Decl. ¶ 14 (HSBC), ¶ 17 (Wells Fargo), ¶ 20 (Bank of America), ¶ 21 (BOCNY), ¶ 22 (SCB), ¶ 23 (Commerzbank). Applicant also notes that Clearing House has its registered office in Manhattan. *Id.* ¶ 24. Applicant finally introduces evidence that two of these entities are registered with the New York Department of Financial Services, *see id.* ¶ 22 (SCB), ¶ 23 (Commerzbank),

and that one entity's guide to making payments in U.S. dollars and Euros mentions its New York location, *see id.* ¶ 17 (Wells Fargo).

On the record before the Court, Applicant does not establish personal jurisdiction over these entities for purposes of § 1782. Specifically, Applicant fails to demonstrate that the records sought would not be available "but for the respondent's forum contacts," *In re del Valle Ruiz*, 939 F.3d at 530, because it fails to connect these entities' performance of correspondent banking services to the fact that they maintain branches in the District. Courts presented with a similar record have found that they lacked specific personal jurisdiction over potential targets of discovery. *See In re Litasco SA*, No. 23 Misc. 354, 2023 WL 8700957, at *2 (S.D.N.Y. Dec. 15, 2023) ("Litasco says that respondents (i) perform correspondent banking services and (ii) have offices here. But it fails to identify the relationship between the two. At most, Litasco's submissions suggest that respondents have rented office space in Manhattan. That is not enough."); *In re Klein*, No. 20 Misc. 203, 2022 WL 1567584, at *5-*6 (S.D.N.Y. May 18, 2022) (finding that banks' operation of a Manhattan office, among other contacts, was insufficient for purposes of § 1782, because the applicant did not sufficiently connect the forum contacts to the discovery sought).

Notably, Applicant seeks all discovery relating to wire transactions made by certain Foreign Defendants in the Hong Kong Proceeding, but does not identify any particular transaction conducted or bank used by those entities. *See* Conrad Decl. ¶ 49. There is therefore no basis to conclude that any particular Respondent effectuated any relevant wire transfer in this District, making the record too thin to satisfy the requirements of due process—namely, establishing that "the evidence sought would not

be available but for the respondent's forum contacts." *In re del Valle Ruiz*, 939 F.3d at 530; *accord In re Litasco SA*, 2023 WL 8700957, at *2 ("[T]here is no evidence that these respondents are the correspondent banks for any banks at which the foreign defendants (or the transferees of their funds) had accounts, making the basis for specific personal jurisdiction even weaker.").

Applicant argues that Courts in this District have granted applications under § 1782 seeking discovery from these entities. *See* Vandenabeele Decl. ¶¶ 27-35 (collecting cases granting discovery under § 1782 against certain Respondents). This may be true, but Applicant bears the burden of establishing the statutory prerequisites, including jurisdiction, on the record in this particular case and cannot simply point to other cases making analogous findings against Respondents. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (noting that due process requires determining whether jurisdiction is reasonable "under the circumstances of the particular case"); *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (finding that when determining whether personal jurisdiction exists based on pleadings and affidavits, a plaintiff "must make allegations establishing jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone"). Applicant's evidence also suggests that in a majority of the cases it cites, the respondent entities were alleged to maintain their headquarters in the District. *See* Vandenabeele Decl. ¶¶ 31-35. This would support the exercise of general jurisdiction and therefore meets the first statutory prerequisite, in line with the Court's holding above.

7

Applicant also asserts, without evidence, that the records it seeks stem from Respondents' use of correspondent accounts in New York.  This assumes, rather than demonstrates, the requisite nexus.  Applicant introduces evidence only of Respondents' role in interbank transfers in U.S. dollars generally and of the location of their branches in New York, rather than showing how these New York branches specifically relate to Respondents' role as correspondent banks for the Foreign Defendants.

In sum, Applicant establishes that Citibank, BNY Mellon, SGNY, BNP, JP Morgan, Deutsche Bank, and UBS (the "Manhattan-Based Respondents") reside or are found in this District for purposes for § 1782.  Applicant fails to establish that Respondents HSBC, Wells Fargo, Bank of America, BOCNY, SBC, Commerzbank, and Clearing House are found in this District for purposes of § 1782.  Accordingly, the application with respect to those entities is denied.  Because a different record may well support jurisdiction over these entities, the application with respect to them is denied without prejudice to renewal.

  **2. Remaining Requirements**

Applicant establishes the remaining two statutory requirements with respect to the Manhattan-Based Respondents.  The discovery sought is "for use" in a foreign proceeding.  Applicant seeks to gather evidence of intermediary bank transfers routed through New York City for use in the Hong Kong Proceeding.  *See generally* Conrad Decl. Ex. 3.  The "for use" requirement is "afforded a broad interpretation . . . and . . . may be satisfied so long as the materials sought are 'to be used at some stage of a foreign proceeding.'" *In re Kingstown Partners Master Ltd.*, No. 21 Misc. 691, 2022 WL 1081333, at *5 (S.D.N.Y. Apr. 8, 2022) (quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017)).  Applicant is an

"interested person" for purposes of § 1782 by virtue of its status as a party to the Hong Kong Proceeding. *See Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2d Cir. 1996) (finding that the language of § 1782 and its legislative history are clear that being a party to a foreign proceeding satisfies the "interested person" requirement).

**B.     Discretionary Factors**

Because Applicant establishes the statutory requirements with respect to the Manhattan-Based Respondents, the Court turns to the discretionary factors. The Court exercises its discretion and grants the application with respect to the Manhattan-Based Respondents.

The *Intel* factors weigh in favor of granting the application. First, the Manhattan-Based Respondents are not current participants, nor are they expected to be added as participants, in the Hong Kong Proceeding. *See* Conrad Decl. ¶ 47. Second, there is no suggestion that Hong Kong courts are unreceptive to U.S. judicial assistance. *See id.* ¶ 48. The Second Circuit has affirmed the grant of subpoenas for documents for use in Hong Kong courts, further supporting the application. *See, e.g.*, *O'Keeffe v. Adelson (In re O'Keeffe)*, 650 F. App'x 83, 85 (2d Cir. 2016). Third, there is no indication that Applicant is seeking to circumvent any proof-gathering restriction under the laws of Hong Kong. Conrad Decl. ¶ 48.

Finally, on its face, the requested discovery is not unduly burdensome or intrusive. This factor is evaluated under the standards of Rule 26, *see Mees*, 793 F.3d at 302, which limits discovery to "nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Applicant seeks limited records and documents relating to wire transactions involving parties to the Hong Kong Proceeding that these Banks were involved with as "originating bank[s], beneficiary bank[s], [or] intermediate or correspondent bank[s] to CHIPS, RTP, Fedwire, FedNow, [or] FedACH" over a period of

approximately seven years.  Conrad Decl. ¶ 49.  As to relevance, these records go directly to Applicant's allegations in the Hong Kong Proceeding.  *See Catalyst Managerial Servs., DMCC v. Libya Africa Inv. Portfolio (In re Catalyst Managerial Servs., DMCC)*, 680 F. App'x 37, 39 (2d Cir. 2017) (affirming a determination with respect to the fourth *Intel* factor where the documents sought related to wire transfers and "a question ha[d] been raised as to whether the financial statements produced . . . in the [foreign] proceedings are accurate or complete").  As to proportionality, these types of records are routinely subpoenaed in litigation.  *See, e.g.*, *In re de Aquino Chad*, 2019 WL 2502060, at *3; *In re Abraaj Inv. Mgmt. Ltd.*, No. 20 Misc. 229, 2023 WL 2674752, at *6 (S.D.N.Y. Mar. 29, 2023); *In re Rodriguez Guillen*, No. 20 Misc. 102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020).  Given the minimal burden of producing such limited discovery, the fourth factor weighs in favor of Applicant.

The *Intel* factors are not exhaustive.  *See Kiobel*, 895 F.3d at 245.  The Court has reviewed the record and finds there are no other concerns that counsel against granting Applicant the requested discovery.  Accordingly, the application is granted with respect to the Manhattan-Based Respondents.

**C.     Notice**

Applicant shall serve its application materials and this order on the Foreign Defendants prior to serving the subpoena on the Manhattan-Based Respondents.  "[U]nless the district court's authorizing order provides otherwise, a party engaged in foreign litigation who serves a § 1782 subpoena *duces tecum* to obtain documents for use in the foreign litigation must first serve notice on all parties to the foreign proceedings."  *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015).  *Speer v. Seaport Cap. Partners (In re Speer)*, 754 F. App'x 62 (2d Cir. 2019), which Applicant cites, supports this conclusion.  There, the

Second Circuit declined to find an abuse of discretion in a bankruptcy court's declining to quash a subpoena, because the target of the subpoena failed to show some prejudice from the lack of notice.  *See id.* at 64 ("Seaport's alleged technical noncompliance [with notice requirements] did not prevent Speer from moving to quash and vigorously litigating the propriety of the subpoenas at issue in these appeals.").  Although § 1782 discovery applications are regularly handled on an *ex parte* basis, the *ex parte* nature of the proceedings makes it all the more important that opposing parties be given the chance to appear once discovery is granted.

Applicant argues that the Foreign Defendants will not suffer any prejudice from lack of notice, because they will be able to contest the admissibility of any discovery received in response to the subpoenas in the Hong Kong Proceeding.  This misses the point: "the basic purpose of the Federal Rules of Civil Procedure . . . is to eliminate trial by ambush and encourage full disclosure of relevant information among the parties."  *In re Hornbeam Corp.*, 2015 WL 13647606, at *5.  *In re Application of Olga Kurbatova*, No. 18 Misc. 469 (S.D.N.Y. Nov. 30, 2018), which Applicant cites, allowed an applicant not to serve a target of a subpoena prior to adjudication of the application.  In that case, however, the Court allowed the applicant not to complete service because the schedule of the foreign proceedings and the time needed to serve the target under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents would likely have prevented the requested discovery from ever being used in the foreign proceeding, frustrating the aims of the statute.  *See* Nov. 16, 2018, Order, *In re Application of Olga Kurbatova*, No. 18 Misc. 469 (S.D.N.Y. Nov. 16, 2018), ECF No. 11.  No analogous circumstances exist here.  Although "case law permits exceptions to the presumptive notice requirement where countervailing interests support a party's need to take discovery in secret," *In re Ernesto Andrade Grp.*, No. 23 Misc. 424, 2024 WL 195568, at *3 (S.D.N.Y. Jan.

18, 2024), Applicant has not established any such countervailing interests apply here. Notice is required prior to service of the subpoena.

## CONCLUSION

For the reasons given above, the application is **GRANTED IN PART AND DENIED IN PART**. The application is granted with respect to Citibank, BNY Mellon, SGNY, BNP, JP Morgan, Deutsche Bank, and UBS, and denied without prejudice with respect to HSBC, Wells Fargo, Bank of America, BOCNY, SBC, Commerzbank, and Clearing House.

Applicant shall serve this order and its application materials on the Foreign Defendants and file proof of service by **April 26, 2024**. This matter will be held open until service is completse and the Foreign Defendants have an opportunity to contest the propriety of the subpoena.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1.

SO ORDERED.

Dated: March 29, 2024
New York, New York

_____
DALE E. HO
United States District Judge