UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of,<br><br>*Golden Meditech Holdings Limited*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | 24 Misc. 24 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On March 29, 2024, this Court issued an Order partially granting and partially denying Applicant Golden Meditech Holdings Limited's ("Applicant") *ex parte* application to seek discovery from fourteen entities—all banks—for use in proceedings it initiated in the High Court of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Proceeding"). *See* March 29, 2024 Order ("Order"), ECF No. 8. On May 6, 2024, Applicant filed a Motion to Renew its Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 for the denied entities. *See* Mem. in Supp. of Mot. to Renew Appl. ("Mot. to Renew Mem."), ECF No. 18. On May 31, 2024, defendants in the Hong Kong Proceeding (the "Foreign Defendants") filed an opposition to Applicant's motion and filed their own Motion to Vacate this Court's March 29, 2024 Order. *See* Mem. in Supp. of Mot. to Vacate and Opp'n to Applicant's Mot. to Renew ("Defs.' Mem."), ECF No. 33. For the following reasons, Applicant's Motion to Renew is **GRANTED IN PART** and Foreign Defendants' Motion to Vacate is **DENIED**.

BACKGROUND

The Court assumes familiarity with the facts of this case and with this Court's March 29, 2024 Order. The relevant facts are as follows: On January 16, 2024, after initiating the Hong Kong Proceeding, Applicant filed an *ex parte* application in this Court under 28 U.S.C. § 1782

("Section 1782"), the statute empowering a district court to, *inter alia*, compel production of documents for use in a foreign proceeding. Ex Parte Appl., ECF No. 1. Applicant sought discovery from fourteen non-party banks ("Respondents"). *See* Mem. of Law in Supp. of Ex Parte Appl. ("Ex Parte Appl. Mem.") 1, ECF No. 4. Applicant named the Respondents because they are Foreign Defendants' "correspondent banks in [the Southern District of New York] for wire transfers passing from domestic to international banks, and vice versa, including banks in Hong Kong," and evidence of those wire transfers would help Applicant "trace the trail of funds [allegedly] misappropriated by the Foreign Defendants," such as $429 million that the Foreign Defendants allegedly transferred from an escrow account to one of the named defendants, Ex Parte Appl. Mem. 2-3, and $7 million that one defendant allegedly transferred to another defendant's Hong Kong bank account, Mem. in Opp'n to Mot. to Vacate ("Opp'n Mem.") 10, ECF No. 46.

On March 29, 2024, this Court granted Applicant's discovery request in part. Order at 12. Specifically, this Court granted Applicant's request with respect to seven banks (the "Granted Banks")[1] and denied it without prejudice with respect to the remaining seven banks (the "Challenged Banks").[2] *See id*. The Court denied Applicant's discovery request for the Challenged Banks because Applicant failed to demonstrate that this Court had personal jurisdiction over those entities. *See id.* at 6.

---

[1] The Court granted discovery for Citibank, N.A. ("Citibank"); The Bank of New York Mellon ("BNY Mellon"); Société Générale, New York Branch ("SGNY"); BNP Paribas USA ("BNP"), JPMorgan Chase Bank, N.A. ("JP Morgan"); Deutsche Bank Trust Co. Americas ("Deutsche Bank"); and UBS AG ("UBS"). *See* Order at 12.

[2] The Court denied discovery for HSBC Bank USA, N.A. ("HSBC"); Wells Fargo Bank, N.A. ("Wells Fargo"); Bank of America, N.A. ("Bank of America"); Bank of China, New York Branch ("BOCNY"); Standard Chartered Bank US ("SCB"); Commerzbank AG, New York Branch ("Commerzbank"); and The Clearing House Payments Company L.L.C. ("Clearing House"). *See* Order at 12.

On May 6, 2024, Applicant filed a Notice of Motion to Renew for the Challenged Banks. *See* Mot. to Renew Appl., ECF No. 17. On May 31, 2024, the Foreign Defendants filed a Motion to Vacate the Court's March 29 Order and Opposition to Applicant's Motion to Renew for the Challenged Banks. *See* Mot. to Vacate and Opp'n to Applicant's Mot. to Renew, ECF No. 26.

## LEGAL STANDARDS

Applicants seek discovery pursuant to Section 1782(a), which allows a district court to compel testimony or production of a document for use in a foreign proceeding. "The analysis of a district court hearing an application for discovery pursuant to § 1782 proceeds in two steps." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).[3] First, the applicant must establish three mandatory prerequisites: "(1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022) (quoting § 1782). Then, a district court exercises discretion to grant or deny the application "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees v. Buiter*, 793 F.3d 291, 297-98 (2d Cir. 2015).

The Supreme Court has identified four additional discretionary factors (the "*Intel* factors") relevant to this determination:

---

[3] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

3

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome."

*Id.* at 298 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The *Intel* factors are "not to be applied mechanically," and the district court "should also take into account any other pertinent issues arising from the facts of the particular dispute." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018).

## DISCUSSION

Applicant's Motion to Renew its Application for Judicial Assistance Pursuant to Section 1782 for the Challenged Banks is GRANTED IN PART and Foreign Defendants' Motion to Vacate the March 29 Court Order is DENIED for the following reasons.

### A. Statutory Prerequisites[4]

Applicant satisfies the three statutory requirements under § 1782 for several of the Respondents.

### 1. "Resides or Is Found" in the District

On the record presented, some of the Respondents are "found" or "reside[]" in the Southern District of New York. "[Section] 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). "The constitutional limits of personal jurisdiction allow for a showing of

---

[4] The parties do not dispute that Applicant is an "interested person" within the meaning of 28 U.S.C. § 1782. Therefore, the Court concludes that this statutory element is met.

either general or specific jurisdiction over each respondent." *In re Steinmetz*, No. 20 Misc. 212, 2022 WL 170851, at *3 (S.D.N.Y. Jan. 19, 2022).

### a. Granted Banks

This Court, in its March 29 Order, found it had general jurisdiction over the Granted Banks. *See* Order at 4-5. When determining whether a court has general jurisdiction over a corporate defendant, the general rule is that, "except in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). The Court reaffirms that is has general jurisdiction over the Granted Banks because they are headquartered in Manhattan, which makes them "at home" in New York. *See* Order at 4-5.

### b. Challenged Banks

Applicant argues that this Court has *general* jurisdiction over Clearing House, HSBC, SCB, and Commerzbank and *specific* jurisdiction over all seven Challenged Banks. *See* Mot. to Renew Mem. 2-4.

### i. General Jurisdiction

For this Court to have general jurisdiction over Clearing House, HSBC, SCB, and Commerzbank, New York must, for each bank, be the "corporation's place of incorporation and principal place of business." *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "[T]he corporation's affiliations with the forum must be 'so continuous and systematic as to render it essentially at home in the forum State.'" *In re Abraaj Inv. Mgmt. Ltd.*, No. 20 Misc. 229, 2023 WL 2674752, at *3 (S.D.N.Y. Mar. 29, 2023) (quoting *Daimler*, 571 U.S. at 139). The Court may also exercise general jurisdiction over a corporation in exceptional cases where its "operations in a forum … [are] so substantial and of such a nature as to render the corporation at

home in the State." *See In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 454 (S.D.N.Y. 2018), *aff'd*, 939 F.3d 520 (2d Cir. 2019). Merely having "branch offices in the forum" while being "incorporated and headquartered elsewhere" is insufficient to establish general jurisdiction. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (applying test articulated in *Daimler*). In other words, Applicant must show that the four banks are headquartered in New York instead of merely "maintain[ing] an office . . . [or] even a 'primary' office" here. *In re Sargeant*, 278 F. Supp. 3d 814, 821 (S.D.N.Y. 2017).

Applicant argues that the four banks have headquarters in this District because they have "admitted [to] maintaining their headquarters in the Southern District of New York." *See* Mot. to Renew Mem. 2. The Court agrees with respect to three of the four banks. Applicant presents publicly available information showing that Clearing House, HSBC, and SCB are either headquartered in New York or have their principal place of business here, rendering them "at home" in this District. *See* ECF No. 19-1, 19-2, 19-3, 19-6; *see also* Bogorodskiy Decl. ¶¶ 4-6, 8-9, 10.

However, Applicant has failed to show that this Court has general jurisdiction over Commerzbank. Per Applicant's own evidence, Commerzbank is "a foreign bank incorporated in Germany [that] maintains its New York *branch* at 225 Liberty Street, New York, NY 10281, which is [sic] operates as the bank's headquarters in the United States." Bogorodskiy Decl. ¶11 (emphasis added); *see also* ECF No. 19-8. It is not clear that Commerzbank's presence in this district extends beyond having a "primary office" here, *In re Sargeant*, 278 F. Supp. 3d at 821, or that the bank does not simply have a "branch office in th[is] forum" while being "incorporated and headquartered elsewhere," *Gucci Am., Inc.*, 768 F.3d at 135. And Applicant presents no evidence that this is an exceptional case where Commerzbank's "operations in [this] forum …

6

[are] so substantial and of such a nature as to render the corporation at home" here. *In re Del Valle Ruiz*, 342 F. Supp. 3d at 454. Therefore, the Court concludes that it does not have general jurisdiction over Commerzbank.

Because Applicant has shown that three of the banks are headquartered in this District, the Court has general jurisdiction over Clearing House, HSBC, and SCB.[5]

### ii. Specific Jurisdiction

This Court has specific personal jurisdiction over the remaining banks—BOCNY, Wells Fargo, Bank of America, and Commerzbank—*if* the "discovery material sought proximately resulted from the respondent's forum contacts." *In re del Valle Ruiz*, 939 F.3d at 530. Specifically, the "respondent's having purposefully availed itself of the forum must be the primary or proximate reason that the evidence sought is available at all." *Id.*

With respect to BOCNY, this Court finds it has specific jurisdiction over the bank because a "Defendant held a bank account at BOCNY, which clears U.S. dollar transactions through its New York office." Opp'n Mem. 10; *see also* Bogorodskiy Decl. ¶¶ 25; ECF No. 19-12, 19-13. Having pointed to a specific transaction of $429 million that may have been made via one Defendant's BOCNY account, Applicant has alleged enough facts to show that the requested discovery material proximately resulted from the forum contact. *See In re Litasco SA*, No. 23 Misc. 354, 2023 WL 8700957, at *2 (S.D.N.Y. Dec. 15, 2023) (explaining that applicant needs to establish that "the banks were the correspondent banks for the particular banks at which the transferees had accounts"); *see also In re Abraaj Inv. Mgmt. Ltd.*, 2023 WL 2674752, at *5

---

[5] Other courts in this District have also found general jurisdiction over these banks specifically due to their having principal places of business or headquarters in New York. *See, e.g.*, *In re Saul Klein*, No. 23 Misc. 211, 2023 WL 8827847, at *7 (S.D.N.Y. Dec. 21, 2023) (Clearing House), *appeal docketed*, No. 24-228 (2d Cir. Jan. 26, 2024); *In re Litasco SA*, 23 Misc. 354, 2023 WL 8700957, at *1 (S.D.N.Y. Dec. 15, 2023) (Clearing House, SCB, and HSBC).

(holding that because one of the respondent banks was "the correspondent bank of a foreign bank that received funds" in the defendant's transfers, that suggested the respondent bank "actually had 'contacts with the forum' in the course of the [transfers]," which was sufficient to support the discovery order).

For Wells Fargo and Bank of America, Applicants argue that this court has specific jurisdiction over those banks because their New York branches serve as correspondent banks for Industrial and Commercial Bank of China and because "major banks in HK use [their branches in] New York as their correspondents for U.S. dollar transfers." Opp'n Mem. 10. On the record before it, this Court finds that it does not have specific jurisdiction over Wells Fargo and Bank of America. While Applicant points to a transaction from the escrow account at Industrial and Commercial Bank of China to an account at BOCNY, *see* Opp'n Mem. 10, which supports a finding of specific jurisdiction over that bank, Applicant does not identify any transaction where either Wells Fargo or Bank America's New York branches may have served as intermediaries. Put differently: (1) Applicant identifies no transaction where Wells Fargo and/or Bank of America served as an intermediary in a transaction to or from Industrial and Commercial Bank of China, and (2) while it is true that *some* banks in Hong Kong use New York branches of Wells Fargo and Bank of America as correspondents for U.S. dollar transfers, Applicant points to no specific alleged transactions where these banks' New York branches *may have* served as intermediaries. *Cf. In re Litasco SA*, 2023 WL 8700957, at *2 ("By contrast, there is no evidence that these respondents are the correspondent banks for any banks at which the foreign defendants … had accounts, making the basis for specific personal jurisdiction even weaker.").

The same goes for Commerzbank. Applicant does not provide this Court with any information with respect to a transaction where Commerzbank's New York branch may have

8

served as an intermediary in a transaction from or to a foreign bank, or between foreign banks. Without such a transaction, this Court cannot find specific jurisdiction.

At base, Applicant makes a bald assertion that "HK banks use [Wells Fargo and Bank of America's branches in] New York as their correspondents for U.S. dollar transfers," but does not point to an alleged transaction from a particular bank in Hong Kong that could have plausibly been routed through either bank. Absent this information, this Court cannot find specific jurisdiction over either bank. Similarly, Applicant has not presented sufficient information for this Court to find it has jurisdiction over Commerzbank. However, Applicant satisfies the requirements for this Court to find specific jurisdiction over BOCNY.

### 2. "For Use" in a Foreign Proceeding

Applicant must show that "the discovery is for use in a foreign proceeding before a foreign tribunal," *IJK Palm LLC*, 33 F.4th at 675, which is "afforded broad interpretation," *In re Kingstown Partners Master Ltd*, No. 21 Misc. 691, 2022 WL 1081333, at *4 (S.D.N.Y. Apr. 8, 2022). Requested discovery is "for use in a foreign proceeding if it is relevant to the subject matter of the proceeding and the evidence would 'increase [the applicant's] chances of success' in the proceeding." *In re Asia Mar. Pac. Ltd.*, 253 F. Supp. 3d 701, 706 (S.D.N.Y. 2015) (quoting *Mees*, 793 F.3d at 299). The request must recite more than "some minimal relation to a pending foreign proceeding," *id.*, but the requested discovery does not have to be "necessary for the requesting party to prevail in the foreign proceeding," *Mees*, 793 F.3d at 298. Crucially, there must be a "discernible procedural mechanism whereby the discovered material would actually be used in the foreign proceedings." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015).

As this Court held in its previous Order, there is no question that the requested discovery is "for use" in a foreign proceeding. *See* Order at 8. Applicant requests discovery to gather information about correspondent banks and bank transfers for the Hong Kong Proceeding, making the request relevant. *See* Ex Parte Appl. Mem. 2-3. Additionally, the requested information will likely increase the Applicant's chances of success in the proceeding. For instance, Applicant seeks documentary evidence to trace the escrow account's allegedly misappropriated funds, which is, according to the Applicant, "critical to the success of [the] Foreign Proceedings." *Id.* As such, Applicant here meets the initial requirement of the "for use" test.

This Court must also consider if there is a "discernible procedural mechanism whereby the discovered material would actually be used in the foreign proceeding." *Certain Funds*, 798 F.3d at 116. Foreign Defendants argue that Applicant will not be able to use the discovery material because the Hong Kong Proceeding will be dismissed for Applicant's lack of service and Applicant will fail to obtain leave for service. Defs.' Mem. 13-16. Based on the record before it, however, the Court finds no reason to be concerned about the Applicant's likelihood of obtaining leave for service. *See id.* at 13; *see also* Wan Chun Keung Decl. Ex. 3, ECF No. 2-3. Because the Court should "avoid inquiring into foreign evidentiary rules," *Certain Funds*, 798 F.3d at 122 n.11, the Court will not engage with Foreign Defendants' arguments about the likelihood of the Hong Kong Court granting this leave. .

Foreign Defendants also assert that Applicant is improperly seeking discovery for use in arbitration, not the Hong Kong Proceeding. *See* Defs.' Mem. 18. But Foreign Defendants fail to show any basis for the Court to draw such a conclusion. Even if they had made such a showing, § 1782 does not prevent an applicant from "using the discovery elsewhere unless the district

10

court orders otherwise." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017). Foreign Defendants are unable to present any evidence of bad faith or use of this proceeding "as a ruse for obtaining discovery" for other purposes. *See id.*; *see also* Opp'n Mem. 15. If Foreign Defendants were able to show good cause, then an "entry of a protective order prohibiting the use of the discovery in other proceedings" and even denial might be proper; however, Foreign Defendants fail to allege any specific examples to support such a concern. *See In re Accent Delight Int'l Ltd.*, 869 F.3d at 135. Accordingly, the Court finds no need to enter a protective order and holds that Applicant meets the "for use" requirement for all Respondents.

### 3. Discretionary Factors

Because Applicant establishes the statutory requirements for all Respondents, the Court turns to the discretionary *Intel* factors.

As for the first factor, Respondents are not current participants, nor are they expected to be added as participants, in the Hong Kong Proceeding. *See, e.g.*, *In re Application of Shervin Pishevar*, 439 F. Supp. 3d 290, 303 (S.D.N.Y. 2020) ("Petitioner has represented to the Court that the Respondent will not be a party to the contemplated proceedings in England. Thus, this factor weighs in Petitioner's favor."). The first *Intel* factor weighs in favor of the Applicant.

The second and third factors are not in dispute. *See* Defs.' Mem.; *see also* Defs.' Reply. Regardless, there is no suggestion that Hong Kong is unreceptive to U.S. judicial assistance and that Applicant is trying to circumvent Hong Kong proof-gathering restrictions. *See* Order 9. Factors two and three support the Applicant.

The fourth *Intel* factor, evaluating whether the requested discovery is unduly intrusive or burdensome, is evaluated under the standards of Rule 26. *See Mees*, 793 F.3d at 302. Overall, when assessing relevance for a Section 1782 request, the Court should "be permissive" since the

substantive issues are "to be decided by a foreign court applying unfamiliar law." *In re Tiberius Grp. AG*, No. 19 Misc. 467, 2020 WL 1140784, at *7 (S.D.N.Y. Mar. 6, 2020). Even if this Court finds the discovery request overbroad, the Court should consider if the "unduly intrusive or burdensome requests may be rejected or trimmed," *Intel*, 542 U.S. at 245, instead of "denying relief outright," *Mees*, 793 F.3d at 302.

As to relevance, Applicant argues that the financial records would be useful "to trace the [alleged] misappropriated funds, identify their final recipients, and ascertain all overt acts or breaches of duties for which Foreign Defendants should be held liable." Opp'n Mem. 23. Applicant has identified at least one factual basis for seeking records from these entities and is not "notably silent." *See In re Saul Klein*, 2023 WL 8827847, at *13.

As to proportionality, Applicant seeks "logs or spreadsheets listing all wire transfers for where the Bank acted solely as an intermediary bank or correspondent bank to CHIPS, RTP, Fedwire, FedNow, FedACH, or otherwise to facilitate an interbank funds transfer, as well as bank records relating thereto" from February 1, 2017 to the present. Opp'n Mem. 21 (emphasis omitted); *see* Ex Parte Appl. 13-14. Applicant's requested discovery is not "plainly overbroad" since Applicant limits its discovery request to "logs or spreadsheets." Thus, the specificity of the request mitigates concerns about overbreadth. And Applicant's request is "temporally limited," *Ecoprivate Bus. Ltd. v. Clearing House Payments Co. L.L.C.*, No. 23 Misc. 232, 2023 WL 4848516, at *3 (S.D.N.Y. July 28, 2023), because it has a specific start date and the Court interprets its end date as the date Applicants filed their request.

In sum, the Court holds that the discretionary factors weigh in favor of granting the requested discovery.

## CONCLUSION

For the reasons given above, Applicant's Motion to Renew its Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 is **GRANTED IN PART** and Foreign Defendants' Motion to Vacate the March 29 Order is **DENIED**.  Applicant's application is **GRANTED** for Clearing House, HSBC, SCB, and BOCNY and **DENIED** for the remaining banks.

The Clerk of Court is respectfully directed to terminate ECF Nos. 17 and 26.

SO ORDERED.

Dated: December 30, 2024
New York, New York

DALE E. HO
United States District Judge