UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of,


*Golden Meditech Holdings Limited*

24-Misc.-24 (DEH)

<u>MEMOANDUM ORDER</u>

DALE E. HO, United States District Judge:

Currently before the Court are three Motions to Seal.  ECF Nos. 25, 37, and 49.  These Motions were filed in connection with a motion to vacate and a motion for discovery under 28 U.S.C. § 1782, which have since been resolved by the Court.  *See* Order, ECF No. 57.  The Motions seek sealing of "references to and documents from" a then-pending confidential foreign arbitration, the existence of which affected the resolution of the aforementioned motions.

The documents at issue—the parties' briefs and supporting papers submitted in connection with the motion to vacate and motion for discovery—are undoubtedly "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Thus, they are "judicial documents" to which a "common law right of public access" attaches.  *Id.*  That said, the documents are not case-dispositive; they relate only to a discovery dispute, and the "presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'"  *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).  Moreover, the parties have supplied "countervailing factors" and "higher values" justifying sealing.  *See, e.g.*, *Lugosch*, 435 F.3d at 124.

Having balanced the "modest" presumption of public access against the countervailing factors supplied by the parties in their Motions, the Court holds that sealing is necessary to preserve

"higher values" and that the parties' supplied redactions are sufficiently "narrowly tailored." *See id.* at 120.  Redacting references to the confidential foreign arbitration and documents supporting that arbitration is necessary to preserve Foreign Defendants' privacy interests, and courts in this Circuit routinely "grant[] requests to seal documents that are subject to confidential arbitration proceedings." *In re B&C KB Holding GmbH*, No. 22 Misc. 180, 2923 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases).  And the parties' redactions are narrowly tailored such that the versions of their motion papers available on the docket provide the public ample opportunity to monitor the conduct of the court in resolving the motion to vacate and motion for discovery.  *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

For the reasons explained above, the parties' briefs submitted in connection with the motion to vacate and motion for discovery—ECF Nos. 28, 30, 31, 38, 39, 40, 41, 50, and 52—shall remain sealed with access limited to the applicable parties.  The Clerk of Court is respectfully directed to terminate ECF Nos. 25, 37, and 49.

SO ORDERED.

Dated: April 23, 2025
       New York, New York

_____
       DALE E. HO
United States District Judge